<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLAXOSMITHKLINE CONSUMER HEALTHCARE, L.P., | : : : | Civ. No. 05-898(DRD) |
| Plaintiff, | : : | **O P I N I O N** |
| v. | : : | |
| MERIX PHARMACEUTICAL CORP., | : : | |
| Defendant. | : : | |

Robert J. Del Tufo, Esq.
Kenneth A. Plevan, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOOM, LLP
Four Times Square
New York, New York 10036
    Attorneys for Plaintiff GlaxoSmithKline
    Consumer Healthcare, L.P.

James Richter, Esq.
WINSTON & STRAWN, LLP
The Legal Center
One Riverfront Plaza, 7th Floor
Newark, New Jersey 07102

Kimball R. Anderson, Esq.
Stephen P. Durchslag, Esq.
Ronald Y. Rothstein, Esq.
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
    Attorneys for Defendant,
    Merix Pharmaceutical Corp.

**Debevoise, Senior District Court Judge**

    Defendant, Merix Pharmaceutical Corp., ("Merix") has moved for leave to file a demand for jury trial. For the reasons set forth below the motion will be granted.

On February 16, 2005, plaintiff, GlaxoSmithKline Consumer Healthcare, L.P. ("Glaxo") filed a complaint and a motion for a preliminary injunction against Merix alleging false advertising in violation of the Lanham Act, 25 U.S.C. §1125(a) and the New Jersey Consumer Fraud Act, N.J.S.A. 56: 8-19.  Extensive discovery was undertaken.  On May 24, 2005 Merix filed an answer.  The answer did not include a jury demand.

A hearing on the preliminary injunction application proceeded on June 14-20, 2005.  The court entered a preliminary injunction on September 13, 2005, which is now on appeal.  On November 10, 2005 the Magistrate Judge held an initial status and scheduling conference.  She set a cut-off date of April 30, 2006 for fact discovery.  Deadlines for expert discovery and dispositive motions will be set at a February 7, 2006 status conference.

Under Fed. R. Civ. P. 38(b), a jury demand on any issue triable by jury is due "not later than 10 days after the service of the last pleading directed to such issue - June 5, 2005, in this case.  Rule 39(b) provides that notwithstanding the failure of a party to make a timely jury demand" the court in its discretion upon motion may order a trial by a jury of any or all issues."

Courts weight five factors in applying Rule 39(b): i) whether the issues are suitable for a jury; ii) whether granting the motion would disrupt the schedule of the court or adverse party; iii) whether any prejudice would result to the adverse party; iv) how long the party delayed in bringing the motion; and v) the reasons for the failure to file a timely demand.  SEC v. Infinity Group Co., 212 F.3D 180, 196 (3d Cir. 2000).

Glaxo opposes the motion.  It notes that in view of all that has occurred in this case Merix's failure to file a timely jury demand cannot have been inadvertent and that the demand is being made at the present time simply for strategic reasons, i.e., the court having found against it

2

preliminarily, it might have a better chance at ultimate success before a jury.  Further, Glaxo observes that five days of testimony presented at the preliminary injunction hearing would have to be repeated if there were a jury trial.  That would be unnecessary if there were a bench trial.

While Merix's claim of inadvertence is suspect and while the court cannot help but believe that its preliminary findings have something to do with the instant motion for leave to file a jury demand, the opportunity to have a jury decide one's case is so fundamental it outweighs these factors unless the delay inflicts prejudice upon the opponent.  The only adverse effect that trial by jury will have upon Glaxo is the resulting longer trial caused by the inability to rely on testimony produced at the preliminary injunction hearing.

The factual issues are suitable for a jury to resolve, including the issue of the amount of damages, if any.  Trying the case by jury should not disrupt remaining pretrial proceedings, nor should it delay a trial.  While the delay in filing the motion is excessive and the reasons given for the delay are hardly persuasive, these negative factors are, as previously stated, outweighed by the appropriateness of having a jury as the ultimate decision maker.

The court will file an order granting the motion.


        /s/ Dickinson R. Debevoise
   DICKINSON R. DEBEVOISE
          U.S.S.D.J.

Dated: December 27, 2005